**FALETUI & ELETISE LOLAGI, Plaintiffs**

**v.**

**TALI & UELE MALUIA, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 13-93

September 4, 1996

159

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge.

Counsel: For Plaintiff, Asaua Fuimaono
 For Defendant, Togiola T.A. Tulafono

Decision and Order:

This outstanding matter has been slow in getting to trial owing to the many, but unfortunately unsuccessful, attempts by the parties to resolve their dispute extra-judicially. Trial herein concluded on July 9, 1996, and counsel were ordered to submit post-trial briefs to be filed by plaintiff on or before August 9, 1996, and by defendants on or before September 6, 1996. Neither party has filed a brief to date. Accordingly, no briefs will be entertained at this time and the parties are deemed to have submitted the matter on the record.

## FACTS

The facts in this matter are rather straightforward. Defendants are members of the Maluia family of Nu'uuli, occupying a part of Maluia communal land known as "Asofitu," located in Nu'uuli.

The plaintiffs are not members of the Maluia family. However, they are also occupying a part of Asofitu pursuant to a lease agreement concluded with the Maluia family's senior matai, Maluia Laumua, and duly approved by the Governor on October 29, 1990, in accordance with the requirements of A.S.C.A. § 37.0222. They have built a house on Asofitu. The plaintiffs originally came upon Asofitu at the invitation of the defendants and for many years, the parties lived harmoniously together in a typically Samoan household fashion. In this quasi-family setting, plaintiffs contributed not only to the defendants in the latter's traditional obligations of *tautua*, but they also contributed directly to the Maluia family's senior matai. Eventually, it was decided that plaintiffs should have their own house. In furtherance of this purpose, and to accommodate the American Samoa Development Bank's home-lending requirements, the parties procured, in plaintiffs' name, a separation agreement and a long-term lease from the senior matai to provide the requisite security to the bank for a loan to plaintiffs. Thereafter, plaintiffs built their home, a 50' x 30' three bedroom house, utilizing not only loan proceeds but also personal savings that they and their older children had accumulated.

For a time, the parties continued living together as a congenial family unit

160

until plaintiffs decided that defendants' familial demands had become too excessive and onerous. According to plaintiffs, the straw that apparently broke the camel's back was plaintiffs recurringly costly monthly telephone bill, which was largely due to the defendants' overseas calls, but apparently left to be paid by plaintiffs. Plaintiffs subsequently took the tactful remedial measure of cutting their telephone, and from that point on the harmonious family setting began to deteriorate, escalating at times to physical altercation. Defendants attempted to oust plaintiffs, but the latter stood their ground. Eventually this lawsuit arose.

Plaintiffs sued to enjoin defendants from interfering with their quiet enjoyment of the leasehold. They pray in the alternative not only for equitable restitution for the value of improvements, but market value of the lease, if they are forcibly dispossessed of Asofitu. They have indicated a willingness to leave Asofitu if they could be justly compensated. The defendants, on the other hand, essentially argue that since the plaintiffs, being non-members of the Maluia family, were brought onto Asofitu at their instance; that since plaintiffs are no longer welcomed, they are no longer entitled to be on Asofitu. Additionally, the defendants take the unyielding stance that plaintiffs should not only be made to leave their family's land, but that they can take their house with them.

## DISCUSSION

Plaintiffs' have a valid lease agreement duly executed by the matai, assented to by the Governor, and recorded with the Territorial Registrar. They have a leasehold estate in Asofitu, to the extent provided by the lease including the right to quiet enjoyment under Article 2. Defendants' unsupported arguments, confusing customary entitlement to communal land and a leasehold entitlement to that land, are for naught. At the same time, we are not impressed with the senior matai's attempts to go back on the separation and lease agreements, citing lack of understanding as to what was entailed by the instruments he had signed. In an earlier interlocutory hearing, the senior matai testified that he had given the lease and separation agreement to the non-family plaintiffs because he was persuaded by defendants. His apparent change of heart is unconvincing.

## CONCLUSION

Plaintiffs are clearly entitled to the permanent injunction they seek against the defendants in order to secure their right to quiet enjoyment contained in Article 2. Accordingly, the defendants, their aiga, agents, servants, attorneys and all those in active concert with them are hereby enjoined and restrained from any further interference with plaintiffs quiet enjoyment of their leasehold estate, as more particularly defined in that

161

lease agreement between entered into between Maluia Laumua and plaintiffs, recorded with the Territorial Registrar in Lease Agreement, Volume LA-90, at page 192.

It is so ordered.